IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**PATTON D'ANJOU**                                                                                       **PLAINTIFF**

v.                                                          CIVIL ACTION NO. 5:20-cv-99-TBM-MTP

**ALCORN STATE UNIVERSITY;
MISSISSIPPI INSTITUTIONS OF
HIGHER LEARNING; ALCORN STATE
UNIVERSITY POLICE DEPARTMENT;**
*and* **JOHN DOES 1-10**                                                                             **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS

This matter is before the Court on the Defendants' Motion to Dismiss [36] with Prejudice for Failure to Prosecute and for Failure to Comply with Multiple Court Orders, and *sua sponte* upon Plaintiff Patton D'Anjou's failures to comply with certain written orders of the Court. Because D'Anjou has failed to comply with two court orders, despite being warned of the consequences, and failed to respond to the Defendants' Motion to Dismiss, this action is dismissed without prejudice.

### I. FACTS AND PROCEDURAL HISTORY

The events leading to dismissal without prejudice are as follows. D'Anjou, represented by counsel, filed suit in this Court on April 7, 2020, alleging that the Defendants violated his constitutional rights by unlawfully arresting him and banning him from Alcorn State University's premises. The first sign of trouble presented itself soon after. On July 16, 2020, Magistrate Judge Michael Parker entered a *sua sponte* Order and Notice [2] noting that D'Anjou had failed to serve the Defendants within ninety days as required by FED. R. CIV. P. 4(m), and directing D'Anjou to

perfect service within the next thirty days. D'Anjou's attorney filed proof of service on August 6, 2020. *See* [7]; [8]; [9].

The case then appeared to proceed normally, and the parties began conducting discovery. But while D'Anjou served initial disclosures and responded to the Defendants' Interrogatories and Request for Production, he did not propound any discovery requests of his own. Then, on May 17, 2021, D'Anjou's attorney made a motion to withdraw as counsel, citing a conflict of interest. [31]. At a telephonic conference held on June 1, 2021, D'Anjou indicated that he did not object to his attorney's withdrawal. On June 8, 2021, the Court entered an Order [34] granting the motion to withdraw and giving D'Anjou until July 23, 2021, to obtain substitute counsel or provide his intention to proceed without an attorney. The Court specifically informed him that "failure to obtain counsel or to inform the Court of his intention to proceed without an attorney may result in the dismissal of his claims with prejudice or otherwise adversely affect [his] rights." [34], pg. 2.

Despite the Court's warning, D'Anjou did not obtain a new attorney nor inform the Court that he intended to proceed *pro se*. On July 27, 2021, Magistrate Judge Parker entered an Order to Show Cause [35], directing that "[o]n or before August 10, 2021, Plaintiff shall show cause, in writing, why this action should not be dismissed for failure to prosecute and failure to comply with the Court's Order [34]." [35], pg. 1. The Court further cautioned that "Plaintiff's failure to comply with this Order or to show good cause may result in the dismissal of this action with prejudice and without further notice." *Id.* As of this date, D'Anjou has yet to respond to the Court's Order to Show Cause. On August 11, 2021, the Defendants filed the instant motion requesting the Court dismiss this action with prejudice for failure to prosecute and failure to comply with the Court's orders. [36]. D'Anjou has likewise not filed a response to this motion.

## II. DISCUSSION

Rule 41(b) of the Federal Rules of Civil Procedure allows the defendant to move to dismiss an action "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Rule 41(b) also enables the court to dismiss an action *sua sponte*. *Connely v. City of Pascagoula*, No. 1:11-CV-293-HSO-JMR, 2013 WL 2182944, at *1 (S.D. Miss. May 20, 2013) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 631, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962)). This power of the Court "is necessary in order to prevent undue delays in the disposition of pending cases and to . . . clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 629–31.

"Dismissals with prejudice for failure to prosecute are proper only where (1) there is a clear record of delay or contumacious conduct by the plaintiff and (2) the district court has expressly determined that lesser sanctions would not prompt diligent prosecution, or the record shows that the district court employed lesser sanctions that proved to be futile." *Stearman v. Comm'r of Internal Revenue*, 436 F.3d 533, 535 (5th Cir. 2006). However, "advance warnings of possible default mitigate the requirement that the district court consider lesser sanctions." *Atl. Sounding Co. v. Fendlason*, 555 F. App'x 378, 380 (5th Cir. 2014) (quoting *Imperial ED Promotions, L.L.C. v. Pacquiao*, 549 F. App'x 295, 299 (5th Cir. 2013)) (affirming district court's dismissal with prejudice after the plaintiff had at least two warnings of the possibility of dismissal for failure to act, including a show cause order). Dismissal with prejudice is "a more appropriate sanction when the objectionable conduct is that of the client, and not the attorney." *Brown v. Oil States Skagit Smatco*, 664 F.3d 71, 77 (5th Cir. 2011).

3

Under Fifth Circuit precedent, this Court would likely be well within its discretion to dismiss this action with prejudice. A plaintiff's lack of action in the face of court orders and adverse motions demonstrate "a clear record of delay or contumacious conduct." *Atl. Sounding Co.*, 555 F. App'x at 380. D'Anjou has been given at least three warnings—two court orders and the Defendants' Motion to Dismiss—that he risks dismissal with prejudice if he failed to comply. *See id.* at 381 ("The district court did not abuse its discretion when, after adequate warning, it dismissed the action with prejudice."). Moreover, D'Anjou is directly responsible for the objectionable conduct at hand.

However, the Court is also within its discretion to dismiss this action without prejudice, and courts in this district confronted with similar facts have done just that. *See Martin v. Gilbert*, No. 1:12-CV-327-HSO-RHW, 2013 WL 4014990 (S.D. Miss. Aug. 6, 2013). There, after the plaintiff's attorney withdrew, the court gave the plaintiff thirty days to obtain substitute counsel or inform the court of his intention to proceed *pro se*. *Id.* at *1. The court warned that failure to do so may result in dismissal. *Id.* When the plaintiff failed to comply, the defendants filed a motion to dismiss, which the plaintiff also did not respond to. *Id.* Then, the court entered a show cause order, and "advised that any failure to comply with the Court's Order could result in the dismissal of this action without further notice." *Id.* The plaintiff remained unresponsive. *Id.* Noting the lack of action in the case, and the warnings given to the plaintiff, the court dismissed the case without prejudice. *Id.* at *2. Indeed, courts in this district routinely reaffirm that a party's lack of response to adverse motions and court orders threatening default merits dismissal without prejudice. *See Grant v. Eaton Aerospace*, No. 3:04-CV-946-WS, 2006 WL 1966840, at *1 (S.D. Miss. July 10, 2006) (dismissing case without prejudice when plaintiff did not comply with court orders to obtain

new counsel or inform the court of her intention to proceed *pro se* and to respond to defendant's motion for summary judgment); *Connely*, 2013 WL 2182944 at *1-2 (dismissing case without prejudice after *pro se* plaintiff failed to respond to defendants' motion to dismiss and a show cause order warning of possible dismissal).

Just as the plaintiffs in these cases, D'Anjou has ignored multiple court orders which gave him notice of the consequences of failing to comply. He also failed to respond to the Defendants' Motion to Dismiss this action with prejudice. Indeed, despite these threats to the livelihood of his case, D'Anjou has not made contact with the Court since his attorney withdrew. D'Anjou's failure to prosecute and comply with court orders merits dismissal. Thus, this cause should be dismissed without prejudice.

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED, for the reasons stated above, that the Defendants' Motion to Dismiss [36] with Prejudice for Failure to Prosecute and for Failure to Comply with Multiple Court Orders is GRANTED in part and DENIED in part. This cause of action is DISMISSED without prejudice.

THIS, the 2nd day of December, 2021.

TAYLOR B. McNEEL
UNITED STATES DISTRICT JUDGE